# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN TAYLOR,<br><br>                    Plaintiff,<br>vs.<br>CALIPATRIA, et al.,<br><br>                    Defendant. | CASE NO. 04-cv-1897 DMS (CAB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

At all relevant times, Plaintiff was incarcerated at the Calipatria State Prison ("Calipatria"). Plaintiff filed his Complaint in this matter on September 21, 2004, and after several rounds of motions to dismiss the Complaint, three Eighth Amendment claims remain. These claims concern the prison's (a) failure to protect Plaintiff from an attack by a cellmate ("Failure to Protect Claim"); (b) service of inedible food containing spittle ("Food Claim"); and (c) failure to protect Plaintiff from the environmental hazards of cigarette smoke ("Smoke Claim").

Defendants moved to dismiss these remaining claims on grounds that Plaintiff failed to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and Plaintiff failed to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). Magistrate Judge Cathy Ann Bencivengo issued a Report and Recommendation ("R&R") on July 25, 2007. Judge Bencivengo determined that while all three claims were adequately stated pursuant to Rule 12(b)(6), Plaintiff failed to exhaust administrative remedies for two claims: the Failure to Protect Claim and the Food Claim. The Magistrate Judge further determined that as to the third claim (Smoke Claim), Plaintiff adequately

1 exhausted his administrative remedies and was not barred from pursuing that claim in this action. The
2 R&R, therefore, recommends granting Defendant's motion to dismiss the Failure to Protect and Food
3 claims, and denying Defendant's motion to dismiss the Smoke claim.
4     Plaintiff filed objections to the R&R on August 9, 2007. Defendant filed no objections. For
5 the reasons set forth below, the Court adopts the R&R in its entirety.

## I.

## LEGAL STANDARD

8     The duty of the district judge regarding the review of an R&R is set forth in Fed. R. Civ. P.
9 72(b) and 28 U.S.C. § 636(b)(1). Where objections are filed, Section 636(b)(1) directs the district
10 judge to review de novo "those portions" of the R&R to which objections have been made. See *Hunt*
11 *v. Pyler*, 384 F.3d 1118, 1124–25 (9th Cir. 2004). The district judge may then accept, reject, or
12 modify, in whole or in part, the magistrate judge's findings and recommendations. 28 U.S.C. §
13 636(b)(1). However, as to those portions of the R&R to which no objections have been made, the
14 district judge may assume the correctness of the magistrate judge's findings and recommendations.
15 See *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("the district judge must
16 review the magistrate judge's findings and recommendations de novo *if objection is made*, but not
17 otherwise.") (emphasis in original). *See also Thomas v. Arn*, 474 U.S. 140, 149–52 (1985) ("It does
18 not appear that Congress intended to require district court review of a magistrate's factual or legal
19 conclusions, under a de novo or any other standard, when neither party objects to those findings."). A
20 failure to object is deemed a sort of "procedural default," waiving the party's right to review by the
21 district judge. *Id*. at 151.

## II.

## DISCUSSION

24     No objection has been filed regarding the R&R's treatment of the Smoke Claim. The Court
25 therefore adopts the R&R without further discussion as to this Claim. With regard to the Failure to
26 Protect and Food claims, Plaintiff raises several objections which are addressed in turn.
27     Plaintiff first objects on grounds that the district judge already allowed these claims to proceed
28 based upon the same facts. Plaintiff argues that because these claims survived prior motions to dismiss

1  under Rule 12(b)(6), the Magistrate Judge cannot now recommend their dismissal. The Magistrate
2  Judge, however, *acknowledged* that Plaintiff stated claims under Rule 12(b)(6). Rather, the ground
3  for dismissal in the R&R is Plaintiff's failure to exhaust administrative remedies, an independent
4  ground that had *not* previously been considered by the district judge. Plaintiff's objection is therefore
5  overruled.

6  Next, Plaintiff objects to the recommended dismissal of his Food claim on grounds that he
7  presented credible evidence of abuse. Plaintiff directs the Court to several attached declarations which
8  he claims prove his injuries, and asks the Court to "believe that a lieutenant and doctor would [tell the
9  truth] if it does not believe Plaintiff's claims." (Obj. at 2). Plaintiff's credibility, however, is not at
10 issue. In fact, the Court construed all of Plaintiff's claims as true in denying Defendant's 12(b)(6)
11 motions on these claims. Even assuming Plaintiff was mistreated, he is still required to exhaust
12 administrative remedies before bringing such claims in this action.

13 Finally, Plaintiff objects on grounds that he pursued many pre-litigation steps in an attempt to
14 address the alleged wrongs of Defendant. These activities include hunger strikes, writing letters
15 complaining to prison managers, doctors, and the warden about the alleged violations, and speaking
16 with several prison guards about the problems. (Obj. at 2). However, Plaintiff does not dispute the
17 R&R's finding that he did not exhaust the four-step appeal process established by Title 15 of the
18 California Code of Regulations (15 CA A.D.C. § 3084.1(a).) That appeal process requires: (1)
19 informal resolution; (2) formal written appeal; (3) second level appeal to the institution head or
20 designee; and (4) third level appeal to the director of the California Department of Corrections. It is
21 undisputed that Plaintiff never completed the third and fourth steps. (R&R at 5). In his objections to
22 the R&R, Plaintiff states: "what more *honestly* could this Court expect Plaintiff to do?" (Obj. at 2)
23 (emphasis in original). Plaintiff must follow the administrative appeal process set forth above, just
24 as he did with his Smoke Claim.

### III.
### CONCLUSION

27 Because Plaintiff has failed to exhaust administrative remedies as required by California law,
28 this Court adopts the R&R in its entirety. Accordingly, Defendant's motion to dismiss the Failure to

Protect and Food Claims is GRANTED, and Defendant's motion to dismiss the Smoke Claim is DENIED. Defendant shall have twenty days from the date this order is stamped "filed" to answer the remaining claim.

**IT IS SO ORDERED.**

DATED: September 13, 2007

HON. DANA M. SABRAW
United States District Judge